GOODYEAR TIRE AND RUBBER COMPANY, INC *v.* PADDOCK ET AL.

[No. 27,684. Filed April 6, 1942.]

*Edward E. Meyer, Isadore J. Fine and Frederick P. Bamberger,* all of Evansville *(Sanford Trippet,* of Princeton, of counsel), for appellant.

*Menzies Lindsey,* of Evansville, for appellee.

FANSLER, J.—This is an action to recover damages for an assault and battery. From a judgment for the plaintiff, the appellant appeals, assigning error in the overruling of a motion for a new trial upon the ground, among others, that the evidence is insufficient.

From the evidence most favorable to the appellee, it appears that the appellant operates a place of business in the City of Evansville; that in connection therewith it operates an office in which business with its customers is transacted; that one Schu was appellant's agent in charge of its office; that Jerry Allen Paddock, Jr., a minor, went to appellant's office for the purpose of paying a bill; that he discussed the matter with the office manager; that a controversy arose about the amount of his payment and concerning the possibility of an adjustment upon a tire. Angry and provoking words were exchanged, and the office manager ordered Paddock to leave the premises. Paddock started for the door, the angry words continued, the office manager followed Paddock and committed an assault and battery upon him in ejecting him from the premises. There is some conflict in the evidence. The office manager says that he pushed Paddock out of the office. Paddock says that Schu violently attacked him and struck him with his fists. There is a conflict as to who first became angry and used violent and insulting language.

The only controversy here involves the question of whether the office manager was acting within the scope of his employment when he committed the assault and battery.

The appellant relies upon *Moskins Stores, Inc.* v. *DeHart et al.* (1940), 217 Ind. 622, 625, 29 N. E. (2d) 948, 949, and asserts that a master is not liable for an assault and battery resulting from an attempt on the part of an employee to collect money due the employer. The case involved a servant, who called upon debtors at their homes for the purpose of collecting accounts, and there was no evidence from which it could be concluded that the agent had any authority except to make collections. The opinion quotes from the Restatement of the Law as follows: "A master who authorizes a servant to perform acts which involve the use of force against persons or things, or which are of such a nature that they are not uncommonly accompanied by the use of force, is subject to liability for a trespass to such persons or things caused by the servant's unprivileged use of force exerted for the purpose of accomplishing a result within the scope of employment." Restatement of the Law of Agency, Vol. 1, § 245, pp. 547, 548. It is noted further that: "Whether or not an employment involves or is likely to lead to the use of force against the person of another is a question to be decided upon the facts of the individual case." Restatement of the Law of Agency, Vol. 1, § 245, p. 548.

If there were involved the acts of a servant with authority limited to the making of collections, the case referred to might be controlling, but we must deal with the acts of appellant's agent who had charge of its office, and the jury may have reasonably concluded that, being the office manager, he was vested with authority to properly eject persons from the premises. This would include authority to use such force as might reasonably be necessary to accomplish the ejectment of an unlawful intruder or one who was creating a

disturbance on the premises. The appellant's servant testified that he ordered Paddock from the premises, and that he followed him toward the door and pushed him out. He seems to have acquiesced in the statement that he "threw him out." The pushing of Paddock might have been justified in ejecting him, or it might have constituted an assault and battery, but there is evidence clearly supporting a conclusion that the office manager violently attacked young Paddock, inflicting severe injuries upon him, and that the attack involved much more force than was justified in lawfully ejecting him from the premises.

The evidence is sufficient to sustain the judgment.

Since the other errors assigned present substantially the same question, they need not be discussed.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 697.